UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LaTawnya McCoy   26-cv-1050-DDC-RES
1310 West Loop Place, RMB 151
Manhattan, Kansas 66502
Plaintiff,

v.

Kansas Department of Children and Families
555 South Topeka Avenue
Topeka, Kansas 66603

Colorado Department of Human Services
1575 Sherman Street
Denver, Colorado 80202

Nebraska Department of Health and Human Services
301 Centennial Mall South
Lincoln, Nebraska 68508

California Department of Social Services
744 P Street
Sacramento, California 95814
Defendants.

---

CIVIL COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, SECTION 504 OF THE REHABILITATION ACT, CIVIL RIGHTS ACT RETALIATION, MALICIOUS PROSECUTION, AND CALIFORNIA UNRUH CIVIL RIGHTS ACT

Plaintiff LaTawnya McCoy, a vulnerable disabled adult, brings this action against the above-named Defendants and alleges as follows:

---

I. PARTIES

1. Plaintiff LaTawnya McCoy is a blind, mobility-impaired adult with a congenital developmental cognitive disability. She currently resides in Manhattan, Riley County, Kansas.

2. Plaintiff has been adjudicated by multiple courts as a vulnerable adult unable to exercise full protective capacity over herself, including:
   a. Shawnee County Court in case 1990-JV-00400;
   b. El Paso County Family Court by Judge Thomas Kennedy at the request of LCSW Shirley Rudd;
   c. San Diego County Juvenile and Family Court by Judge Diana Bejarano.

3. Courts have assigned protective counsel for Plaintiff, including Renee Netherton, Vincent Rahman, and Pablo Navarro.

4. Defendants are state agencies administering SNAP, Medicaid, TANF, and related federal programs and are subject to the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, USDA SNAP nondiscrimination rules, and HHS civil rights regulations.

---

II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, because Plaintiff asserts claims under federal civil rights statutes including the ADA and Section 504.

6. Venue is proper in the District of Kansas under 28 U.S.C. § 1391, because Plaintiff resides in Kansas and the discriminatory and retaliatory actions are ongoing in Kansas.

---

III. FACTUAL ALLEGATIONS

7. Plaintiff provided medical verification from LCSW Shirley Rudd, Summit Medical Clinic, Rocky Mountain Healthcare, Konza Community Health Clinic, and University of Missouri Ophthalmology confirming that she requires:
   - alternative-format documents,
   - plain-language materials,
   - screen-reader compatible files,
   - assistive technology including an iMac with Dragon NaturallySpeaking and ZoomText Fusion,
   - professional legal and social-work assistance to participate equally in Defendants' programs.

8. Defendants refused to provide these physician-prescribed reasonable accommodations.

9. Defendants imposed illegal sanctions on Plaintiff for errors caused by agency staff in applying USDA simplified reporting, categorical eligibility, and Medicaid disability rules.

10. Plaintiff engaged in protected civil rights activities by reporting discrimination to:

   - U.S. Department of Justice Civil Rights Division,
   - USDA Civil Rights and Program Integrity,
   - HHS Office for Civil Rights.

11. In retaliation, Defendants fabricated overpayments, intentional program violations (IPVs), and welfare fraud allegations against Plaintiff, despite federal rules prohibiting sanctions for agency error and prohibiting collection from SSI recipients.

12. Defendants weaponized welfare fraud units and law enforcement to retaliate against Plaintiff, constituting malicious prosecution, civil conspiracy, and abuse of process.

13. Defendants denied Plaintiff mandatory SNAP disability reconsideration conferences, imposed illegal residency requirements, and selectively enforced IPV rules intended for able-bodied adults.

14. Defendants illegally terminated Plaintiff's SNAP, Medicaid, and TANF child-only benefits during periods when Plaintiff was on medically necessary temporary absences for:
   - specialist disability evaluation,
   - surgeries for eye disease,
   - treatment for cervical cancer and cervical collapse during high-risk pregnancy.

15. Plaintiff's use of her own EBT card during medical travel was used as pretext to accuse her of fraud, despite federal simplified reporting rules stating she was not required to report temporary absences.

16. As a result of Defendants' actions, Plaintiff suffered:
   - repeated hospitalizations for diabetes and congestive heart failure,
   - permanent physical injury,
   - loss of emergency pandemic assistance,
   - deprivation of housing assistance,
   - emotional and psychological harm,
   - harm to her disabled children.

17. Many retaliatory acts occurred while Plaintiff resided in San Diego County and Sacramento County, California, making Defendants liable under the California Unruh Civil Rights Act.

18. Discrimination and retaliation continue in Riley County, Kansas, where Plaintiff is receiving specialist medical care and participating in the Social Security Administration Ticket to Work program.

---

IV. CAUSES OF ACTION

Count I – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)

19. Plaintiff incorporates all prior paragraphs.

20. Defendants are public entities subject to Title II.

21. Defendants denied Plaintiff equal access to public programs by refusing reasonable accommodations and by imposing sanctions based on disability-related limitations.

22. Defendants' actions constitute discrimination under the ADA.

---

Count II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

23. Plaintiff is a qualified individual with disabilities.

24. Defendants receive federal financial assistance.

25. Defendants discriminated against Plaintiff solely because of her disabilities by denying accommodations and imposing unlawful sanctions.

---

Count III – Retaliation (42 U.S.C. § 12203; 45 C.F.R. § 80.7(e))

26. Plaintiff engaged in protected civil rights activities.

27. Defendants retaliated by fabricating overpayments, IPVs, and welfare fraud allegations.

---

Count IV – Malicious Prosecution and Abuse of Process

28. Defendants initiated baseless fraud investigations and prosecutions without probable cause and for retaliatory purposes.

---

Count V – Civil Conspiracy

29. Defendants acted jointly across multiple states to deprive Plaintiff of federal rights and benefits.

---

Count VI – Violation of the California Unruh Civil Rights Act

30. Defendants' discriminatory and retaliatory actions while Plaintiff resided in California entitle her to statutory damages.

---

V. DAMAGES

31. Plaintiff suffered:
   - physical injury,
   - emotional distress,
   - loss of federal benefits,
   - housing instability,
   - financial harm,
   - harm to her disabled children.

32. Plaintiff seeks compensatory damages, statutory damages, punitive damages where permitted, injunctive relief, and attorney's fees.

---

VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated the ADA, Section 504, and federal civil rights laws.
B. Order Defendants to provide all required disability accommodations.

---

CLAIMS FOR RELIEF

Claim I – Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132; 28 C.F.R. Part 35)

1. Plaintiff is a qualified individual with disabilities, including blindness, mobility impairment, and a congenital developmental cognitive disability, as defined by 42 U.S.C. § 12102.

2. Defendants Kansas DCF, Colorado DHS, Nebraska DHHS, and California DSS are public entities subject to Title II of the ADA, 42 U.S.C. § 12131(1), and its implementing regulations at 28 C.F.R. Part 35.

3. Under 42 U.S.C. § 12132, no qualified individual with a disability may be excluded from participation in, denied the benefits of, or subjected to discrimination by any public entity.

4. Defendants violated 28 C.F.R. §§ 35.130(b)(1), 35.130(b)(7), 35.160, 35.164 by:
   - refusing to provide reasonable modifications and auxiliary aids and services,
   - failing to provide effective communication,
   - refusing to provide alternative-format documents,
   - refusing to provide assistive technology required for equal program access,
   - denying Plaintiff disability-related assistance necessary for participation in SNAP, Medicaid, and TANF programs.

5. Defendants further violated 28 C.F.R. § 35.149–35.151 by administering programs in a manner that denied Plaintiff meaningful access.

6. Defendants' actions constitute discrimination under Title II of the ADA.

---

Claim II – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794; 45 C.F.R. Part 84; 7 C.F.R. § 15b)

7. Plaintiff is an individual with disabilities within the meaning of 29 U.S.C. § 705(20).

8. Defendants receive federal financial assistance through USDA, HHS, and SSA-funded programs, making them subject to Section 504.

9. Section 504 prohibits discrimination "solely by reason of disability" in any program receiving federal funds.

10. Defendants violated 45 C.F.R. §§ 84.4, 84.52, 84.53 and 7 C.F.R. § 15b.26 by:
    - refusing to provide reasonable accommodations,
    - failing to modify policies and procedures,
    - denying Plaintiff equal access to SNAP, Medicaid, and TANF,
    - imposing sanctions based on disability-related limitations,
    - failing to provide accessible communication formats.
-failing to protect plaintiff from abuse, exploitation& human trafficking by Wanda Handy & Pete Andre Clifton while in Defendants care & custody when their expert social workers advised/the court ordered them to do so.

11. Defendants' actions constitute unlawful discrimination under Section 504.

---

Claim III – Retaliation Under the ADA, Section 504, and Federal Civil Rights Regulations (42 U.S.C. § 12203; 28 C.F.R. § 35.134; 45 C.F.R. § 80.7(e); 7 C.F.R. § 15.3(b)(1)(vii))

12. Plaintiff engaged in protected activities by filing civil rights complaints with:
    - U.S. Department of Justice,
    - USDA Civil Rights and Program Integrity,
    - HHS Office for Civil Rights.

13. Defendants retaliated against Plaintiff by:
    - fabricating overpayments,
    - creating false intentional program violations (IPVs),
    - initiating welfare fraud investigations,
    - imposing sanctions prohibited for SSI recipients,
    - terminating benefits during medically necessary absences,
    - using law enforcement and fraud units to intimidate Plaintiff.

14. Retaliation violates:
    - 42 U.S.C. § 12203(a) (ADA retaliation),
    - 28 C.F.R. § 35.134 (public entity retaliation),
    - 45 C.F.R. § 80.7(e) (HHS retaliation),
    - 7 C.F.R. § 15.3(b)(1)(vii) (USDA retaliation).

15. Defendants' retaliatory actions caused Plaintiff severe harm and are unlawful.

---

Claim IV – Violations of USDA SNAP Regulations (7 C.F.R. §§ 273.12, 273.15, 273.16; Food and Nutrition Act of 2008)

16. Plaintiff is categorically eligible for SNAP under 7 U.S.C. § 2014(a) and 7 C.F.R. § 273.2(j) due to disability and SSI status.

17. Defendants violated SNAP regulations by:
    - refusing to apply simplified reporting rules under 7 C.F.R. § 273.12(a),
    - imposing illegal residency requirements contrary to 7 C.F.R. § 273.1(b)(1)(ii),
    - failing to provide mandatory disability reconsideration conferences under 7 C.F.R. § 273.15,
    - fabricating IPVs in violation of 7 C.F.R. § 273.16,
    - attempting to collect overpayments from SSI benefits in violation of 7 U.S.C. § 2017(a).

18. Defendants' actions constitute unlawful