**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LATAWNYA MCCOY,

    Plaintiff,

    v.

KANSAS DEPARTMENT OF CHILDREN
AND FAMILIES,

    Defendants.

Case No. 26-1050-DDC-RES

**MEMORANDUM AND ORDER**

This matter comes before the Court on two Motions filed in this lawsuit.[1]  On March 21, 2026, a motion entitled "Motion for Magistrate Rachel Schwartz to Recuse Herself from this Case and All Other Cases Regarding this Plaintiff" was filed.  ECF No. 7 (the "First Motion to Recuse").  The First Motion to Recuse is signed on behalf of "LaTawnya Cowan Plaintiff Pro Se."  *Id.* at 2.  One day later, on March 22, 2026, a second recusal motion was filed, this time titled as "Motion to Recuse Magistrate Judge Rachel E. Schwartz for Conflict of Interest, Retaliation, and Misconduct."  ECF No. 8 (the "Second Motion to Recuse").  This Second Motion to Recuse also is signed and filed on behalf of "LaTawnya Cowan Plaintiff, Pro Se."  *Id.* at 3.  As reflected in the case caption above, the named pro se Plaintiff in this lawsuit is LaTawyna McCoy.

For the reasons discussed below, both Motions are denied.

---

[1]    The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.     PROCEDURAL BACKGROUND

As listed in the Complaint, the name of the only Plaintiff in this litigation is "LaTawnya McCoy," not LaTawnya Cowan.  ECF No. 1 at 1.  The Civil Cover Sheet additionally lists the name of the Plaintiff as "LaTawnya McCoy[,]" and it is signed on behalf of "LaTawnya McCoy." ECF No. 2.

On March 6, 2026, the Court entered a Notice and Order to Show Cause explaining to Plaintiff that Federal Rule of Civil Procedure Rule 17(a) requires every lawsuit to be "prosecuted in the name of the real party in interest."  ECF No. 5 at 1-2.  For the reasons explained in that Order, the Court has significant concerns as to whether named Plaintiff LaTawnya McCoy was proceeding in the name of the real party in interest.  *Id.* at 1-3.  The Court directed Plaintiff to show cause in writing on or before April 3, 2026, as to whether LaTawnya McCoy is the Plaintiff's legal name, consistent with Rule 17(a).  *Id.* at 2-4.  To date, Plaintiff has not responded to that order, although the time has not expired for her to do so.

Since that time, multiple motions have been filed in this lawsuit by LaTawnya Cowan, including the Motions at issue in this Order.  *See, e.g.,* ECF Nos. 6-12.  Adding additional confusion, the movant in the First Motion to Recuse lists the case caption as: "Cowan (McCoy) v. Kansas Department for Children and Families."  ECF No. 7 at 1.  But again, that Motion is signed as LaTawnya Cowan.  *Id.* at 2.  The Motions do not explain whether Ms. McCoy and Ms. Cowan are the same person or otherwise address why Ms. Cowan is filing motions in a case in which she is not a named party.

LaTawnya Cowan is a frequent plaintiff in this District[2] and nationwide.[3]  The Court references these other cases because the Court has previously explained, for example, the standards applicable to motions seeking recusal of a judge.  *See, e.g., Cowan v. Kan. Dep't of Child. & Fams.,* No. 25-4131-DDC-RES, ECF No. 15 at 2-7 (D. Kan. Feb. 18, 2026) (denying Ms. Cowan's motion for recusal of the undersigned).  Ms. Cowan additionally has been warned by other judges in the District of her obligations to comply with Federal Rule of Civil Procedure 11 and that she risks the imposition of sanctions, including filing restrictions, if she continues her practice of filing repetitive motions for relief.  *See, e.g., Cowan v. Comm'r of Soc. Sec. Admin.,* No. 26-1030-HLT-RES, ECF No. 31 at 3-6 (D. Kan. Mar. 17, 2026).

On March 21, 2026, Ms. Cowan filed her First Motion to Recuse.  Ms. Cowan alleges:

---

[2]    *See Cowan v. U.S. Dep't of Agriculture,* No. 26-1065-EFM-RES, ECF No. 1 (D. Kan. Mar. 14, 2026); *Cowan v. Comm'r of Soc. Sec. Admin.*, No. 26-1030-HLT-RES, ECF No. 1 (D. Kan. Feb. 6, 2026); *Cowan v. Kan. Dep't of Child. & Fams.,* No. 25-4131-DDC-RES, ECF No. 1 (D. Kan. Dec. 29, 2025); *Cowan v. Kan. Dep't for Child. & Fams.,* No. 25-4128-DDC-RES, ECF No. 1 (D. Kan. Dec. 22, 2025); *Cowan v. U.S. Dep't of Hous. & Urb. Dev.*, No. 25-4039-HLT-RES, ECF No. 1 (D. Kan. Apr. 14, 2025); *Cowan v. KVC Behav. Healthcare, Inc.*, No. 25-4035-DDC-RES, ECF No. 1 (D. Kan. Apr. 3, 2025); *Cowan v. State of Kan.*, No. 20-1243-JWB-GEB, ECF No. 1 (D. Kan. Sept. 10, 2020).  In many instances, the Court has continued to use full citations to Plaintiff's cases after first reference to avoid confusion because many of these cases involve the same or similar defendants.

[3]    *See Cowan v. Cal. Dep't of Soc. Servs.*, No. 26-0095-BJC-BLM, ECF No. 1 (S.D. Cal. Jan. 6, 2026); *Cowan v. State of Mo. Soc. Servs. & Rehab. Servs. for the Blind,* No. 25-4084-SRB, ECF No. 1 (W.D. Mo. Apr. 4, 2025); *Cowan v. U.S. Dep't of Hous. & Urb. Dev.,* No. 25-0339-JFB-PRSE, ECF No. 1 (D. Neb. May 12, 2025); *Cowan v. San Diego Cnty.*, No. 25-0342-AGS-JLB, ECF No. 1 (S.D. Cal. Feb. 14, 2025); *Cowan v. U.S. Dep't of Health & Hum. Servs.,* No. 25-2100-BAS-BJW, ECF No. 1 (S.D. Cal. Apr. 22, 2025); *Cowan v. U.S. Dep't of Health & Hum. Servs.,* No. 25-0967-AGS-JLB, ECF No. 1 (S.D. Cal. Apr. 21, 2025); *Cowan v. U.S. Dep't of Agriculture,* No. 25-1081-RDM, ECF No. 1 (D.D.C. Apr. 9, 2025); *Cowan v. San Diego Cnty.*, No. 25-0697-AGS-JLB, ECF No. 1 (S.D. Cal. Mar. 24, 2025); *Cowan v. Wucher,* No. 25-4039-MDH, ECF No. 1 (W.D. Mo. Mar. 4, 2025); *Cowan v. State of Neb.,* No. 25-0163-JMG-PRSE, ECF No. 1 (D. Neb. Mar. 3, 2025); *Cowan v. Mo. Dep't of Soc. Servs.,* No. 25-0236-RWS, ECF No. 1 (E.D. Mo. Feb. 26, 2025) (transferred to the Western District of Missouri); *Cowan v. State of Colo.*, No. 25-0816-LTB-RTG, ECF No. 1 (D. Colo. Mar. 13, 2025); *Cowan v. Colo. Springs Hous. Auth.,* No. 25-0676-LTB-RTG, ECF No. 1 (D. Colo. Mar. 3, 2025).

PLAINTIFF AND HER CAREGIVERS HAVE FILED A FORMAL JUDICIAL MISCONDUCT HARASSMENT AND DISCRIMINATION COMPLAINT AGAINST MAGISTRATE RACHEL SCHWARTZ FOR HER ABUSIVE HOSTILE AND DISCRIMINATORY BEHAVIOR TOWARDS THE PLAINTIFF WHO IS A VULNERABLE DISABLED ADULT ADJUDICATED MENTALLY AND JUDICIALLY INCOMPETENT THAT HAS A GUARDIAN ITEM AND HAS EXPERIENCED ONGOING HARASSMENT FOR SEVERAL YEARS BY THIS MAGISTRATE INCLUDING ABUSING HER AUTHORITY TO IMPEDE PLAINTIFF'S RIGHT TO REASONABLE ACCOMMODATIONS FROM THE US DISTRICT COURT AND ITS CLERK'S OFFICE, ABUSING COURT ORDERS TO INFLICT INTENTIONAL EMOTIONAL AND PSYCHOLOGICAL HARM SLANDER AND COMMIT LIBEL AGAINST THE CLIENT COMMITTING ABUSIVE PROCESS AND SELECTIVE ENFORCEMENT, ILLEGALLY DEPRIVING THE CLIENT OF ACCESS TO JUSTICE BECAUSE THE COURT WEBSITE INFORMS ARE NOT ACCESSIBLE AND SHE SUBMITS DOCUMENTS IN THE FORMAT WHICH IS ACCESSIBLE TO HER AFTER PROVIDING MEDICAL DOCUMENTATION TO THE COURT ON SEVERAL OCCASIONS THAT SHE CANNOT USE THE STANDARD WEBSITE AND FORMS. ABUSING HER POSITION WITH THE COURT TO KEEP THE PLAINTIFF FROM HAVING HER CASES HEARD BY A ACTUAL FEDERAL JUDGE WHEN THE PLAINTIFF NEVER consented to having her cases heard by the magistrate and actually filled out a form to have them heard by a federal judge.

Because of the conflict of interest and the ongoing judicial misconduct harassment and discrimination complaint filed by the plaintiff against the Magistrate shorts in this case plaintiff emotions the court for the magistrate to recuse herself immediately and have no contact with the plaintiff regarding this case or any other case. PLENTY OF HAS RECEIVED VERIFICATION FROM THE 10TH CIRCUIT COURT OF APPEALS THAT HER COMPLAINTS AGAINST THIS MAGISTRATE WERE ACCEPTED AND ARE BEING INVESTIGATED ANY ORDERS MADE ON THIS CASE BY THE MAGISTRATE WERE MADE IN RETALIATION FOR THAT COMPLAINT AND AS A MEANS OF HARASSING THIS VULNERABLE DISABLED ADULT THEY SHOULD BE VACATED AND THE FEDERAL JUDGE APPOINTED ON THIS CASE SHOULD REVIEW THEM AND MAKE APPROPRIATE ORDERS WHICH ARE COMPLYING WITH THE AMERICANS WITH DISABILITIES ACT AND

4

REGULATIONS TO PROTECT LITIGANTS WITH PHYSICAL
AND COGNITIVE DISABILITIES WHO WERE ADJUDICATED
MENTALLY AND JUDICIALLY INCOMPETENT.

ECF No. 7 at 1-2 (language and capitalization in original).

The next day, March 22, 2026, the Second Motion to Recuse was filed. ECF No. 8. The Second Motion does not explain why another motion seeking the same relief was filed. The Second Motion alleges that "Plaintiff and her caretaker have filed a judicial-misconduct complaint against Magistrate Judge Rachel E. Schwartz alleging harassment, discrimination, retaliation, and misuse of judicial authority." *Id.* at 2. She alleges that recusal is required pursuant to 28 U.S.C. §§ 144 and 455(a) and (b)(1), Canons 1, 2, and 3 of the Code of Conduct for United States Judges, and the Judicial Conduct and Disability Act. *Id.* at 1-2. She alleges that "Magistrate Judge Schwartz has retaliated against her for filing the misconduct complaint by repeatedly ordering Plaintiff to complete forms she is medically incapable of completing, despite: • adjudicated incompetency findings from multiple courts; • physician letters verifying disability; • ADA and Rehabilitation Act accommodation requests." *Id.* at 2. And she alleges that "these actions constitute discrimination and retaliation in violation of:• ADA Title II (42 U.S.C. § 12132) • Section 504 of the Rehabilitation Act (29 U.S.C. § 794) • Judicial Conduct and Disability Act (28 U.S.C. §§ 351-364)." *Id.* at 2-3.

## II.    ANALYSIS

### A.    Motions to Recuse and Standing to Seek Recusal

The Court denies Ms. Cowan's First Motion to Recuse and Second Motion to Recuse because the Court is without information to conclude that the movant is the same person as the named Plaintiff, LaTawnya McCoy. These Motions do not explain why the named Plaintiff, LaTawnya McCoy, is entitled to any relief sought in the Motions. And if Ms. McCoy and Ms.

5

Cowan are not the same person, the Motions also do not explain why Ms. Cowan would have standing to seek recusal.

Moreover, even if the Court were to construe Ms. Cowan's Motions as somehow filed on behalf of Plaintiff LaTawnya McCoy, there is no record establishing that LaTawnya McCoy is the name of any real party in interest pursuant to Rule 17(a). Because the Court cannot determine that the person filing these Motions is a party to this case or would otherwise have standing to move to recuse, the Court denies both Motions on this basis.

### B.    Discussion of the Motions to Recuse

The Court also denies the request to recuse on the merits. Despite the Court's serious Rule 17 concerns, the Court nonetheless rules on the two Motions to Recuse due to the nature of the relief sought and the seriousness of the allegations made by Ms. Cowan. For the reasons explained below, the Court denies the First Motion to Recuse as moot and denies the Second Motion to Recuse on the merits.

#### 1.    Legal Standard

Two statutes govern judicial recusal, 28 U.S.C. §§ 144 and 455. *See Strader v. Butler & Assocs., P.A.*, No. 20-3001-SAC, 2020 WL 430215, at *5 (D. Kan. Jan. 28, 2020). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). "Subsection (a), thus, addresses 'the appearance of impartiality,' and subsection (b)(1) addresses 'actual partiality.'" *Snyder v. Acord Corp.*, 811 F. App'x 447, 470 (10th Cir. 2020) (citing *Burke v. Regalado*, 935 F.3d 960, 1053 (10th Cir. 2019)). "Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective." *Davis v. United States*, No. 23-3191-JWL, 2023 WL 6294281, at *2 (D. Kan. Sept. 27, 2023). "The test

under § 455(a) is not whether the judge believes he or she is capable of impartiality, but rather whether a reasonable person might question the judge's impartiality." *Burke*, 935 F.3d at 1054.

"To be entitled to recusal under § 144, the moving party must submit an affidavit showing, among other things, bias and prejudice." *Burleson v. Sprint Pcs Grp.*, 123 F. App'x 957, 959 (10th Cir. 2005). The affidavit must identify the "facts of time, place, persons, occasions, and circumstances" that would support recusal. *Id.* at 960.

The party moving to disqualify a judge generally bears the burden of proof. *See Topeka Housing. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (stating the party seeking disqualification bears a "heavy burden of showing the requisite judicial bias or misconduct"). "Relevant facts must support the moving party's belief that the judge is biased." *Burke*, 935 F.3d at 1054. However, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). "We have emphasized that § 455 must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Woodmore*, 135 F.4th 861, 874 (10th Cir. 2025) (internal quotations and citations omitted).

### 2.  First Motion to Recuse, ECF No. 7

The First Motion to Recuse was filed on March 21, 2026. ECF No. 7. Without waiting for the Court to rule on that Motion, a Second Motion to Recuse was filed one day later. ECF No. 8. Because both Motions seek the same relief and the First Motion makes arguments that overlap with those made in the Second Motion, the Court denies the First Motion as moot.

### 3.  Second Motion to Recuse, ECF No. 8

In the Second Motion to Recuse, Ms. Cowan alleges three bases for why the undersigned

must recuse: 28 U.S.C. § 455; 28 U.S.C. § 144; and Canons 1, 2 and 3 of the Code of Conduct for United States Judges.  Ms. Cowan recently filed a similar motion for recusal in a different case in this District.  *See Cowan v. Kan. Dep't of Child. & Fams.,* No. 25-4131-DDC-RES, ECF No. 10 (D. Kan. Feb. 2, 2026).  The undersigned denied that motion on February 18, 2026, which was before Ms. Cowan filed the Motions to Reuse in this case.  *Id.* at ECF No. 15.  Despite this ruling, Ms. Cowan raises many of the same arguments in the Second Motion to Recuse without addressing or distinguishing this previous order denying recusal, and she fails to establish any new or different reasons for recusal.  The Court therefore denies the Second Motion to Recuse on the merits.

### a.        28 U.S.C. § 455

Ms. Cowan has not met her burden of demonstrating that recusal is warranted pursuant to 28 U.S.C. § 455.  None of the allegations contained in Ms. Cowan's Second Motion rise to a level to establish bias or impartiality.  *See Burke*, 935 F.3d at 1054 ("Relevant facts must support the moving party's belief that the judge is biased.").

Ms. Cowan argues that the undersigned has "retaliated against her for filing the misconduct complaint by repeatedly ordering Plaintiff to complete forms she is medically incapable of completing, despite: • adjudicated incompetency findings from multiple courts; • physician letters verifying disability; • ADA and Rehabilitation Act accommodation requests."  ECF No. 8 at 2. The Court addresses each of these serious allegations.

*First*, as reflected by the docket in this specific lawsuit, named Plaintiff LaTawnya McCoy has not provided the Court with any verifiable evidence of any incompetency findings from any court about her specifically.  She states that these decisions exist without providing documentation, or even case names or case numbers.  Similarly, she has not provided any physician letters verifying any disabilities or any other additional information—besides summarily stating so— that

8

she is medically incapable of completing any forms.  Even as it relates to Ms. Cowan, the Court has not received any such verifiable information.[4]

*Second,* Ms. Cowan filed her request for reasonable accommodations in this lawsuit *after* she filed her First Motion to Recuse and on the same day as her Second Motion to Recuse.  *See* ECF No. 11.  Ms. Cowan cannot base her recusal motion on a failure to provide reasonable accommodations when she had yet to request those accommodations and the Court had yet to rule on any such requests.  Additionally, Ms. Cowan's Motion does not explain what specific requests for accommodation were denied in this case—or in any other case—by the undersigned.  As reflected on the docket, the District's Clerk's Office, not the undersigned, directed Plaintiff to correct deficiencies in her filings via a March 4, 2026 communication.  In another case in this District, Ms. Cowan filed a request for accommodations, which was denied by a different judge.  *See, e.g., Cowan v. Comm'r of Soc. Sec. Admin.*, No. 26-1030-HLT-RES, ECF No. 16 (D. Kan. Mar. 4, 2026) (the then-presiding District Judge denied Ms. Cowan's requests for accommodations).  Ms. Cowan also has had similar requests denied in other jurisdictions.  *See, e.g., Cowan v. Colo. Dep't of Human Servs.,* No. 26-872-RTG, ECF No. 7 (D. Colo. Mar. 24, 2026) (denying a motion for appointment of a guardian ad litem and requests for reasonable accommodations).

*Third*, Ms. Cowan has not identified what form she is medically incapable of completing.

---

[4]    For example, in ECF No. 9, Ms. Cowan states that she was appointed a guardian ad litem in a Shawnee County Family Court Case No. 199JC00400. *Id.* at 1.  Based on the date of that proceeding and Ms. Cowan's stated age, ECF No. 12 at 5, Ms. Cowan would have been a minor, which likely required the appointment of a guardian ad litem.  *See* Kan. Stat. Ann. § 38-2205(a) ("Upon the filing of a petition, the court shall appoint an attorney to serve as guardian ad litem for a child who is the subject of proceedings under this code.").  Being appointed a guardian as a minor does not establish the incompetency of that individual as an adult.

9

Again, Ms. Cowan is a prolific filer in federal courts across the country. She has repeatedly filed routine documents in cases, including complaints, amended complaints, and motions, including motions to proceed in forma pauperis.[5] She has not identified why she is now medically incapable of completing any specific form and when her request for an accommodation to complete that form was denied.

*Fourth,* with regard to the retaliation argument, Ms. Cowan does not state when she filed any misconduct complaint and what specific conduct occurred *after* the filing of that complaint that purportedly constitutes retaliation. To the extent she is referring generally to unfavorable rulings, she does not explain what ruling occurred after her filing that would require recusal. Even if she had identified unfavorable rulings, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). While Ms. Cowan has been reminded of her obligations to comply with all applicable Court orders, rules and procedures, these are requirements for all parties proceeding in federal courts, regardless of whether they are represented by counsel or proceeding pro se.[6] Ms. Cowan has pointed to no facts in the record supporting her belief that the undersigned has engaged in any behavior that constitutes

---

[5]    The Court denied *without prejudice* Plaintiff's March 4, 2026, Motion to Proceed in Forma Pauperis because the Motion did not contain the statutorily required affidavit regarding her inability to pay fees. *See generally* ECF No. 4. Similarly, the Court recommended Plaintiff file an amended complaint not because of an inability to fill out a form, but to ensure Plaintiff's case was not dismissed for failure to comply with federal rules. *See generally* ECF No. 5. The Court often provides courtesy copies of the District's model forms to pro se parties to assist them in filing documents compliant with federal statutes and rules. *See, e.g., id.* at 4.

[6]    "Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court; the relevant Federal Rules of Civil Procedure, of Criminal Procedure, or the Bankruptcy Rules; and the pertinent Federal Rules of Evidence; and to proceed in accordance with them." D. Kan. Rule 83.5.4(f); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (pro se litigants must "follow the same rules of procedure that govern other litigants").

"harassment, discrimination, retaliation, and misuse of judicial authority" meriting recusal.  ECF

No. 8 at 2.

*Finally*, Ms. Cowan's judicial misconduct complaint is not a basis for recusal.  As the Tenth

Circuit stated in upholding a district court judge's decision not to recuse after the plaintiff filed a

judicial misconduct complaint:

> [Petitioner] thinks that the minute she filed the misconduct
> complaint against [the district court judge], he became obligated to
> step down from any case involving her, but this is not correct.  She
> has not cited any rule or decision supporting the sweeping idea that
> a judge must automatically disqualify herself from a lawsuit simply
> because a disgruntled litigant currently alleges (or has previously
> alleged) judicial misconduct.  Indeed, if that were the rule, litigants
> displeased with Judge A's adverse rulings could easily manipulate
> the system by filing a misconduct complaint, thereby disqualifying
> Judge A from hearing the case, in the hopes that the case would then
> be assigned to Judge B who might be more sympathetic to their
> cause.

*Smith v. Kan. Dep't of Corr*., 455 F. App'x 841, 844 (10th Cir. 2011) (quoting *In re Mann*, 229 F.3d

657, 658–59 (7th Cir. 2000)); *see also Waterman v. Tippie,* No. 21-3097-SAC, 2021 WL 4589028,

at *1-3 (D. Kan. Oct. 6, 2021) (denying a motion to recuse where the pro se plaintiff alleged

"prejudice and retaliation" after the filing of a judicial misconduct complaint when the plaintiff's

"claims of revenge and retaliation are based on nothing other than adverse rulings."); *Sump v.*

*Fingerhut, Inc.,* No. 01-4104-DES, 2002 WL 1602423, at *2 (D. Kan. July 19, 2002) (stating a

"party cannot force recusal merely by filing a complaint or a law suit against a judge."); *O'Connor*

*v. Lafayette City Council*, No. 19-01066-WJM-KLM, 2019 WL 6215444, at *2 (D. Colo. Nov. 21,

2019) (citing cases and stating "Plaintiffs seek my recusal on the basis of their filing of a judicial

misconduct complaint against me.  . . .  This is not a permissible ground for recusal.").

The same is true here, and Ms. Cowan does not cite to any contrary authority that the mere

filing of a judicial complaint requires recusal.  In sum, Ms. Cowan makes boilerplate accusations

without pointing to any specific facts or statements to support her allegations that the undersigned has harassed, discriminated, retaliated against her or misused judicial authority.  Ms. Cowan's assertions of bias are not supported by the record and appear to be based solely on adverse judicial rulings at most.[7]

For the reasons set forth above, the Court finds that Ms. Cowan has not met her burden to show  recusal is warranted and, accordingly, the Second Motion to Recuse is denied.  *See Davis*, 2023 WL 6294281, at \*2 ("Petitioner's motion to disqualify does not allege any personal bias or prejudice by the undersigned, nor does it explain why a reasonable person, knowing all the relevant facts, would harbor doubts about the undersigned's impartiality.  Petitioner has not articulated any action by the undersigned that could lead to the appearance of bias.  Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal or disqualification, the motion to disqualify will be denied.").

### b.      28 U.S.C. § 144

Regarding Ms. Cowan's allegations that recusal is warranted pursuant to 28 U.S.C. § 144, Ms. Cowan's Second Motion to Recuse is not notarized or otherwise sworn under penalty of perjury, so the Court cannot construe it as an affidavit.  *See generally* ECF No. 8; *see also Davis*, 2023 WL 6294281, at \*1 ("Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Petitioner does not support a request for

---

[7]      In her First Motion to Recuse, Ms. Cowan alleges  the undersigned is abusing her position with the Court to keep her case from being heard by a District Judge when she never consented to a Magistrate Judge making rulings in her case.  *See* ECF No. 7 at 1.  But as explained to Ms. Cowan by the District Judge in another case, Magistrate Judges are directly assigned to conduct certain pretrial matters in this District.  *See Cowan v. Comm'r of Soc. Sec. Admin.*, No. 26-1030-HLT-RES, ECF No. 31 at n.2 (D. Kan. Mar. 17, 2026); *see also* D. Kan. Rule 72.1.1 (explaining the statutory authority of magistrate judges); D. Kan. Rule 72.1.2 (listing the assignment of matters to magistrate judges in the District).

recusal under 28 U.S.C. § 144."). Even if it were an affidavit, the Court would reach the same conclusions for the reasons stated above. *See Burleson*, 123 F. App'x at 960 (denying a motion pursuant to § 144 because the movant "has not shown that the district court's rulings were unreasonable or incorrect, let alone that they demonstrated bias.").

### c.    Judicial Canons

Finally, Ms. Cowan cites to three parts of the Code of Conduct for United States Judges as additional bases for why the undersigned must recuse. Ms. Cowan does not explain why recusal would be warranted under any of these Canons, particularly when the Court has not found recusal warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Ms. Cowan has not supported her bare assertions that the undersigned's conduct somehow violates these Canons. Accordingly, Ms. Cowan's request for recusal based on these Canons is also denied.

**IT IS THEREFORE ORDERED** that Ms. Cowan's First Motion to Recuse, ECF No. 7, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Ms. Cowan's Second Motion to Recuse, ECF No. 8, is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 31, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

13